4. INSURANCE, § 503*—*when vested rights of beneficiary protected in equity.* The principle that vested rights may be acquired in mutual benefit insurance which courts of equity will enforce applies likewise to life insurance policies.

5. INSURANCE, § 822*—*assignability of benefit certificate.* While a benefit certificate is not assignable at law, all beneficial interest therein may be transferred in equity; and equitable rights may be acquired in a benefit certificate which will be enforced in equity.

6. WITNESSES, § 155*—*when wife is competent concerning transactions regarding certificate of insurance.* As against the claim of another to the proceeds of insurance as beneficiary, the wife of the member originally designated in the benefit certificate is incompetent to testify to any admissions or conversations of her husband relative to transactions concerning the certificate; but she is competent to testify to transactions relating to the certificate, such as the delivery of the certificate to her by her husband, the keeping of the certificate, the payment of dues and assessments by her with her own money, and the disappearance of the certificate while she was absent from home.

**Walter Carlson, by Alfred Carlson, Appellee, v. John B. Johnson, Appellant.**

### Gen. No. 18,003.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 2, 1913.

### Statement of the Case.

Action by Walter Carlson, a minor, by Alfred Carlson his next friend, against John B. Johnson to recover for the loss of sight of one eye while plaintiff was on a public sidewalk and alleged to have been caused by a nail or other object falling or thrown from the roof of defendant's building while such building was being repaired by his servants and agents. From a judgment in favor of plaintiff for four thousand two hundred and fifty dollars, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

CHYTRAUS, HEALY & FROST, NELS J. JOHNSON and EDWIN WHITE MOORE, for appellant.

GOLDZIER, RODGERS & FROEHLICH, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 863*—*what evidence inadmissible under the general issue.* In an action against the owner of a building for personal injuries resulting from objects falling from the roof to the public sidewalk, evidence offered by defendant to show that the building was in the exclusive possession and control of an independent contractor and that defendant was not therefore liable, *held* not admissible under the general issue.

2. PLEADING, § 476*—*when defective statement of cause of action cured by verdict.* In an action against the owner of a building in the course of being repaired for injuries sustained by falling objects, declaration failing to aver that men on the roof were defendant's servants, *held* a defective statement of a cause of action cured by verdict.

3. APPEAL AND ERROR, § 785*—*when bill of exceptions construed against party preparing same.* A bill of exceptions is a pleading of the party alleging the exception, and when liable to the charge of uncertainty or omission it ought, like any other pleading, to be construed most strongly against the party preparing it.

4. APPEAL AND ERROR, § 785*—*when bill of exception uncertain as to grounds for trial court's ruling.* Language of bill of exceptions *held* not to support appellant's contention as to the grounds upon which trial court refused his motion for leave to file a special plea.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.